SHAW, Judge
(dissenting).
Rule 45, Ala. R.App. P., states in pertinent part:
“No judgment may be reversed or set aside, nor new trial granted in any ... criminal case on the ground of ... the improper admission or rejection of evidence ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Notwithstanding the apparent error in admitting the forgery affidavits into evidence, I cannot hold, “after an examination of the entire cause,” that that error “probably injuriously affected [the appellant’s] substantial rights.” I agree with the State that the forgery affidavits were merely cumulative of other evidence that strongly indicated the appellant’s guilt, including the testimony of the victim’s son, William Campbell; the testimony of Investigators Mike Smith and Mike Pettey; the appellant’s statement; and the videotape of the appellant’s cashing the forged checks. I do not believe that the findings of the jury in this case turned on the admission of the forgery affidavits. I would affirm; therefore, I respectfully dissent.